# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# FRANKFORT DIVISION

IN RE:

BENJAMIN HULLEY                                                      CASE NO. 05-30767

DEBTOR

JAMES W. GARDNER, TRUSTEE                                            PLAINTIFF

VS.                                                                  ADVERSARY NO. 06-3001

CIT GROUP/CONSUMER FINANCE, INC.                                     DEFENDANT

## MEMORANDUM OPINION

This matter comes before the court on the motion of CIT Group/Consumer Finance, Inc. ("CIT Group") (Doc. 9) to set aside the Default Judgment (Doc. 7) entered by the Court on February 15, 2006.  CIT Group argues that the Default Judgment should be set aside for the reason that CIT Group promptly contacted counsel in Northern Kentucky to represent it in this adversary proceeding.  CIT Group further asserts that it instructed counsel to file an answer to the Trustee's complaint but that counsel simply failed to timely file such answer.  Upon being served with the Default Judgment, CIT Group sought other legal counsel to file the subject motion, same being filed on March 6, 2006.  The court has considered the motion, the Trustee's response thereto (Doc. 10) and the arguments of counsel at the hearing held March 22, 2006 and for the reasons stated, the court finds that CIT Group's motion should be overruled.

On January 3, 2006, James W. Gardner ("Trustee"), in his capacity as trustee of

the estate of Benjamin Hulley, initiated this adversary proceeding (Doc. 1) to avoid the mortgage of CIT Group in Debtor's property located at 761 Carlisle Road, Prestonsville, Kentucky.  The basis of the complaint is that the acknowledgment of the notary public on the mortgage document is defective.  Trustee also prayed that he be permitted to sell and convey the property free and clear of the mortgage at public auction or private sale upon notice and opportunity for a hearing to all creditors and parties in interest.  Summons issued on January 5, 2006, and the Trustee executed service of the summons on January 9, 2006 (Doc. 5) by mail with a copy of the complaint to both the CIT Group's corporate address and to its registered agent for service of process.  CIT Group's answer was due on February 6, 2006.

No answer was timely filed or served and on February 7, 2006, the Trustee filed a motion for default judgment (Doc. 6), mailing a copy of the motion to CIT Group's corporate address.  No response was forthcoming, the motion was granted, and default judgment entered on February 15, 2006.  On March 6, 2006, CIT Group filed the present motion to set aside the default, alleging that it did not intend to thwart the judicial process since it immediately retained legal counsel and requested that a defense be presented in its behalf.  It correctly cites Rule 60(b) as the basis upon which the court should consider this motion to set aside the default judgment.

As pointed out by the Trustee, Rule 60(b) places the burden of proof on the movant: "A party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the rule." **Lewis v. Alexander,** 987 F.2d 392, 396 (6th Cir. 1993) (citing **Miller v. Owsianowski (In re Salem Mortgage Co.),** 791 F.2d 456, 459 (6th Cir. 1986)).  Rule 60(b), made applicable in bankruptcy cases by BR 9024,

permits a court to relieve a party or a party's legal representative from a final judgment in cases of mistake, inadvertence, surprise, or excusable neglect. Since the facts do not support a finding of mistake, inadvertence or surprise, the court considers whether the failure to answer constitutes excusable neglect.  Whether a party's neglect is "excusable" is essentially equitable in nature, "taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." **Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,** 507 U.S. 380, 395 (1993).

In this bankruptcy court (see **Masterton v. Empire Funding Corp., et al.,** Adversary Proceeding No. 04-5465, U.S. Bankruptcy Court, Eastern District of Kentucky (2004)), and in the Sixth Circuit, the determination of whether relief should be granted from an order or judgment under Rule 60(b) depends on "(1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced." **Waifersong, Ltd. v. Classic Music Vending,** 976 F.2d 290, 292 (6th Cir. 1992) (citing **United Coin Meter Co. v. Seaboard Coastline R.R.,** 705 F.2d 839, 845 (6th Cir. 1983)).  The factors are not to be weighed: "It is only when the [movant] can carry this burden [of demonstrating that the order was the result of excusable neglect] that he will be permitted to demonstrate that he can also satisfy the other two factors: the existence of a meritorious defense and the absence of a substantial prejudice to the plaintiff should relief be granted." **Id.**

CIT Group claims that it has satisfied the requirement of "excusable neglect" as it filed the subject motion less than 30 days after the entry of the default judgment. Because it retained counsel in a timely manner, CIT Group asserts it did not act with reckless disregard for the effect of the adversary proceeding nor did it intend to thwart the judicial proceedings. However, CIT Group has provided no explanation as to why the legal counsel it selected failed to act. Did CIT Group maintain any contact with its retained counsel? Did it attempt to confirm receipt of the legal referral or define the date when an answer would be filed?

In reviewing a bankruptcy appeal from the Sixth Circuit, in which the Sixth Circuit had declined to attribute fault for an attorney's misconduct to that attorney's client, the U.S. Supreme Court in *Pioneer Inv. Servs. Co.,* supra, held that the appellate court had erred in not attributing to the responding party the fault of their counsel. 507 U.S. at 397. The Court stated:

> The [Sixth Circuit] suggested that it would be inappropriate to penalize respondents for the omission of their attorney, reasoning that the 'ultimate responsibility...rested with [respondents'] counsel.' The court also appeared to focus its analysis on whether respondents did all they reasonably could in policing the conduct of their attorney, rather than on whether their attorney, as respondents' agent, did all he reasonably could to comply with the court-ordered bar date. In this the court erred.
>
> In other contexts, we have held that clients must be held accountable for the acts and omission of their attorneys. In *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82, S.Ct. 1386, 8 L.Ed.2d 734 (1962), we held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference. In so concluding, we found 'no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.' *Id.* at 633, 82 S.Ct. 1386. To the contrary, the Court wrote,
>
>> 'Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the

>consequences of the acts or omission of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have ' notice of all facts, notice of which can be charged upon the attorney.' *Id.* at 633-34, 82 S.Ct. 1386 (citation omitted).
>
>...This principle applies with equal force here and requires that respondents be held accountable for the act and omissions of their chosen counsel.  Consequently, in determining whether respondents' failure...was excusable, the proper focus is on whether the neglect of respondents *and their counsel* was excusable.

**Pioneer,** 507 U.S. at 396-97 (emphasis added).

The critical question, therefore, is whether the misconduct by CIT Group's attorney in failing to respond to the complaint against its client can be considered "excusable neglect, " rendering CIT Group not culpable under the first prong of the **Waifersong** analysis for vacation of a default judgment and as required by Rule 60(b)(1).  See **National Mortg. Co. v. Brengettcy,** 223 B.R. 684 (W.D.Tenn. 1998). Under the standard set forth by the U.S. Supreme Court in **Pioneer**, this court finds that the unexplained failure of CIT Group's attorney and of CIT Group itself in failing to confirm that its legal reference was being acted upon, thereby leading to the entry of a default judgment herein, cannot be deemed excusable neglect.  CIT Group must be held accountable for the actions of its chosen legal counsel and for its own apparent failure to follow up with said counsel.

Because CIT Group has failed to satisfy the threshold requirement of demonstrating excusable neglect, the court need not evaluate whether CIT Group had a meritorious defense or whether granting the motion would prejudice the Trustee.  For the foregoing reasons, and because the interests of finality and the conservation of

scarce judicial resources require that such extraordinary relief be granted sparingly, ***Masterton v. Empire Funding Corp, et al,*** Adversary Proceeding no. 04-5465, supra, at p.5, the court will exercise its discretion to deny relief from the default judgment.

The court will enter a separate Order overruling the Motion to Set Aside Default Judgment.

Copies to:

James W. Gardner, Esq.
L. Craig Kendrick, Esq.
Michaun J. Madsen, Esq.
U.S. Trustee (service by hand delivery)

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge
Dated: Monday, March 27, 2006
(jms)**